IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUIS D. HAIRSTON,

    Petitioner,                           CASE NO.2:10-cv-00589

v.                                         JUDGE WATSON

WARDEN, WARREN                MAGISTRATE JUDGE KEMP
CORRECTIONAL
INSTITUTION,

    Respondent.

### REPORT AND RECOMMENDATION

Petitioner, Louis D. Hairston, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition be denied and that this case be dismissed.

### I. FACTS and PROCEDURAL HISTORY

According to his petition, petitioner was convicted in the Court of Common Pleas of Franklin County, Ohio, in 2007, of multiple counts of aggravated robbery and aggravated burglary. A 33-count indictment containing some of those charges (as well as charges against other defendants) was returned on November 14, 2005, and another indictment involving only petitioner was returned on September 13, 2006. Return of Writ, *Exhibits 4 and 5.* Some of the charges carried a firearm specification. As explained in more detail below, all of them related to a series of home invasion robberies. Petitioner's

conviction was based on his guilty plea. According to the trial judge's oral statements at sentencing, petitioner was to receive a 39-year prison sentence, but the court's written judgment entries imposed a cumulative term of only 29 years. Return of Writ, *Exhibits 8 and 9.*

Petitioner appealed his convictions and sentence to the Tenth District Court of Appeals. He argued on appeal that he should have been permitted to withdraw his guilty pleas, that the trial court erred in imposing consecutive three-year sentences for two of the firearm specifications, that the trial court's application of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1 (2006) violated his constitutional rights, and that the sentence was imposed in violation of Ohio's felony sentencing statutes. That appeal was partially successful, and in an opinion rendered on November 6, 2007, the court of appeals vacated one of the three-year sentences and remanded the case for re-sentencing. All of petitioner's other assignments of error were overruled. Return of Writ, *Exhibit 16; see also State v. Hairston*, 2007 WL 3257331 (Franklin Co. App. November 6, 2007). A further appeal to the Ohio Supreme Court, as well as a cross-appeal filed by the State of Ohio, were not accepted. *State v. Hairston*, 117 Ohio St. 3d 1441 (March 26, 2008)

In a judgment entry dated July 2, 2008, the trial court re-sentenced petitioner on the charges contained in the first indictment. The cumulative total of the new sentences was 26 years (it had been sixteen years in the prior entry). Return of Writ, *Exhibit 23*. Petitioner again appealed, but the court of appeals affirmed the new sentence, overruling his four assignments of error in which he argued that he had received ineffective assistance of

2

counsel and that the trial court erred in modifying his sentence as to counts of the indictment not involved in the first appeal. Return of Writ, *Exhibit 27; see also State v. Hairston*, 2009 WL 517895 (Franklin Co. App. March 3, 2009). Again, no further appeal was allowed. *State v. Hairston*, 122 Ohio St. 3d 1457 (July 1, 2009).

Less than one year later, petitioner filed his habeas corpus petition in this court. In it, he raises the following claims:

**Ground one:** Petitioner was denied the effective assistance of trial counsel when counsel failed to object to the imposition of an improper and illegal sentence.

**Ground two:** Petitioner's constitutional right to due process of law and the protection against the imposition of ex post facto law as guaranteed by the Due Process and Ex Post Facto Clauses of the United States Constitution were violated when the trial court imposed non-minimum, consecutive sentence.

It is respondent's position that ground one lacks merit and that ground two was not properly raised during the state court proceedings and has been procedurally defaulted. Respondent also argues that if any portion of this second claim is directed toward the originally-imposed sentence, it is moot because of the re-sentencing which took place, and that, in any event, it lacks merit.

## II. PROCEDURAL DEFAULT AND MOOTNESS

The Court will first determine if petitioner' second claim may be heard on its merits, or whether is it barred by the doctrines of procedural default and/or mootness. Here, the procedural default identified in the Return of Writ is petitioner's failure to raise this claim as part of his second direct appeal, and the abandonment of at least the retroactivity

3

portion of the claim during the first direct appeal (it was not raised before the Ohio Supreme Court). The mootness argument stems from the fact that petitioner was re-sentenced, so, according to respondent, any errors relating to his original sentence are no longer material to the outcome of the case - that is, even if the Court were to find some defect in the initial sentencing procedure, that would not affect the sentence which petitioner is now serving because he is serving the sentence which was re-imposed on July 2. 2008, rather than the one imposed some two years before.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.;Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982);*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). This waiver is not a jurisdictional matter, however. *See Howard v. Bouchard,* 405 F.3d 459, 475 (6th Cir. 2005). Thus, the Court can look at the merits of a claim that has allegedly been procedurally

4

defaulted - particularly where the lack of merit in the claim is evident - and can deny the claim for that reason even if it is likely that a default has taken place. *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999), *citing Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *see also Dennis v. Lane*, 2005 WL 2493308 (S. D. Ohio September 8, 2005).

Here, ground two is clearly without merit. The gist of petitioner's second claim appears to be that the trial court was permitted to impose only the minium sentences for each of the offenses of conviction, and run them concurrently, because to do otherwise would allow the trial court to engage in the type of fact-finding that is constitutionally reserved for a jury. *See, e.g., Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). To the extent that the Ohio Supreme Court's 2006 decision in *State v. Foster*, *supra*, revised Ohio's sentencing scheme in such a way as to avoid any unconstitutionality under *Blakely* and *Apprendi*, petitioner appears to claim that because *Foster* was decided after he committed the underlying offenses, the application of that decision to his case is unconstitutional and in violation of the Ex Post Facto Clause of the United States Constitution. He did raise such a claim as part of his first direct appeal, but that claim was summarily rejected by the state court of appeals based on its prior decisions in similar cases. *See State v. Hairston*, 2007 WL 3257331, *9.

The Ex Post Facto clause has been applied to judicial decisions through the Due Process clause. Thus, in theory, the retroactive application of a state court decision could, if the proper circumstances were present, create an ex post facto violation. However, in order for that to occur (at least in the context of criminal sentencing), the use of that

5

decision must, at a minimum, subject a criminal defendant to potentially greater punishment than that which could lawfully have been imposed before the decision was made.

With respect to the exact issue presented in this case, namely the retroactive application of *Foster* (and particularly its ruling with respect to non-concurrent sentences) to sentencing proceedings in cases filed prior to February 27, 2006, the Court of Appeals for this Circuit held, in *Hooks v. Sheets*, 603 F.3d 316 (6th Cir. 2010), that such retroactive application of *Foster* poses no constitutional concerns. The Court of Appeals reasoned that, even prior to *Foster*, Ohio trial judges had the ability to impose non-concurrent terms of imprisonment on offenders without the need for specific factual findings made by a jury. *Foster* did not alter that ability, nor did it increase the potential punishment which was faced by a defendant who was indicted prior to the decision in *Foster*. As the Court of Appeals stated, because an Ohio defendant "was initially and constitutionally subject to consecutive sentences" at the time of indictment, the fact that such a defendant "remained subject to consecutive sentences within the discretion of the court" after *Foster* was decided "did not raise ex post facto or due process concerns." *Hooks v. Sheets*, 603 F.3d at 321. That decision applied to re-sentencings as well. Thus, there is no merit to the ex post facto and due process claims which petitioner has raised here, regardless of whether he has attempted to raise issues about the initial sentencing or the re-sentencing, and any Ohio state court decision to the contrary is certainly not an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d). This conclusion also eliminates the need to determine if any

portion of claim two was mooted by the re-sentencing which took place on July 2, 2008.

### III.  CLAIM ONE

Petitioner's first claim is that he was denied the effective assistance of counsel at his re-sentencing because counsel did not object to the imposition of an illegal sentence.  This claim appears to relate exclusively to the new sentence he received on what is referred to as the "Maransky home invasion."  To put this claim in perspective, it is helpful to outline the differences between the sentence imposed at the first sentencing and that imposed at the second.

As noted above, petitioner ended up pleading guilty to charges stemming from two separate indictments.  The indictment at issue here is the November 14, 2005 indictment.  That indictment charged petitioner with multiple offenses arising out a series of home invasion robberies which he committed with his brothers.  The victims of these invasions and robberies, according to the state court of appeals opinion found at 2007 WL 3257331, were Melanie Pinkerton and Gary Reames, who lived in the same home, and John Maransky, who lived in a separate dwelling.

Petitioner pleaded guilty to counts eleven, fourteen, seventeen, twenty-one and twenty-four of this indictment. The trial court's initial sentencing entry imposed a sentence of ten years' imprisonment on count eleven, with an additional three years for a firearm specification; the same sentence on count fourteen, which, except for the firearm portion of the sentence, was to run concurrently with the sentence imposed on count eleven; and additional concurrent ten-year sentences on counts seventeen, twenty-one, and twenty-

four.  The total of the sentences reflected in that entry, *see Exhibit 8*, was sixteen years.

On appeal, petitioner argued that the trial court erred in imposing consecutive three-year sentences for the firearm specifications attached to counts eleven and fourteen because both of those counts arose out of the Pinkerton-Reames home invasion.  The court of appeals agreed because under Ohio law, *see* Revised Code §2929.14(D)(1)(b), it was improper for the trial court to have imposed more than one prison term for a firearm specification for felonies that were "committed as part of the same transaction."  In fact, the State of Ohio conceded that error and agreed that one of the two three-year sentences for the firearm specifications relating to the Pinkerton-Reames home invasion had to be vacated.

What the parties did not agree about, however, was the scope of the re-sentencing.  The court of appeals noted that, although a three-year sentence for the firearm specifications attached to the counts relating to the Maransky home invasion was mandatory, the trial court had failed to impose such a sentence.  The State asserted that after remand, the trial court could simply shift the three-year sentence which was erroneously imposed on either count eleven or count fourteen to one of the counts arising out of the Maransky home invasion.  The court of appeals declined to address that issue, however, because the State had not appealed the erroneous sentence imposed on those counts, and petitioner had similarly raised no issues concerning that sentence.  In its final disposition of the issue, the court remanded the case for re-sentencing on the Pinkerton-Reames home invasion counts and did not order any relief with respect to the Maransky

home invasion counts. The opinion did state, however, that "we have not considered or determined whether appellee can still seek to rectify the trial court's failure to impose the requisite sentence on the Maransky firearm specifications." *State v. Foster,* 2007 WL 3257331, *9.

In its re-sentencing entry, the trial court did, in fact, seek to rectify its earlier error. As reflected in Exhibit 23, petitioner was given concurrent ten-year sentences on counts eleven and fourteen and one consecutive three-year sentence on those two counts for the firearm specification. The trial court also imposed concurrent ten-year prison terms on counts seventeen and twenty-one, two of the three Maransky home invasion counts. The significant difference between the first and second sentencing entries relates to the sentence imposed on count twenty-four. In the original entry, the trial court imposed a ten-year sentence on that count and ran it concurrently with all of the other ten-year sentences. In the second entry, the trial court sentenced petitioner to a consecutive ten-year prison term on count twenty-four and also a consecutive three-year term for the firearm specification attached to that count. The net effect of this change was to increase the sentence imposed from sixteen years, as reflected in the first entry, to twenty-six years. It does not appear that counsel for petitioner objected to the new sentence on grounds that the trial court had done exactly what the court of appeals had declined to order, that is, it had simply "switched" the three-year firearm term from one of the counts arising out of the Pinkerton-Reames home invasion to one of the counts arising out of the Maransky home invasion.

When petitioner appealed after re-sentencing, he raised ineffective assistance of

counsel as his first assignment of error. As part of that assignment of error, he argued that the court of appeals should consider the merits of his argument that the trial court had exceeded the permissible scope of the re-sentencing procedure ordered by the court of appeals notwithstanding counsel's failure to raise that objection at the trial court level. The second and third assignments of error raised the issue of whether the new sentence had been imposed in violation of law because the Maransky home invasion sentence, having not been appealed, could not lawfully be modified by the trial court. The fourth assignment of error asserted that the trial court's modification of the sentence should be reviewed and reversed under the "plain error" doctrine.

The court of appeals first addressed the last three assignments of error. It noted that it had, in its prior opinion, left open the question of whether the Maransky home invasion sentence could be modified by the trial court, and in its opinion on the appeal from the re-sentencing, concluded that such a modification was permitted. It reached that conclusion by finding that the original sentence on the Maransky home invasion counts was a void sentence because of the trial court's failure to have included the mandatory three-year sentence for the firearms specifications when it originally sentenced petitioner on those counts. The court reasoned that a trial court always retains the authority to correct a void sentence and that it acted within its jurisdiction when it did so. Consequently, it found that there was no legal error committed by the trial court when it corrected the sentence imposed on the three Maransky home invasion counts. That being the case, the court held that counsel was not ineffective for failing to make what would have been a futile objection

to the trial court's new sentence. *See State v. Hairston*, 2009 WL 517865 (Franklin Co. App. March 3, 2009). Respondent argues that the state court properly rejected petitioner's claim of ineffective assistance of counsel. This Court agrees.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish the second prong of the *Strickland* test, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the

court determine that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Here, the only possible prejudice which petitioner could have suffered from his counsel's failure to object after the trial court imposed the new sentence would have been either (1) that the trial court, upon considering the objection, would have altered the sentence; or (2) that the court of appeals would consider the failure to object to be a waiver of the issue on appeal and would refuse to reach its merits. In conjunction with that second possibility, petitioner would also have to show that, had the court of appeals not enforced the waiver, it is reasonably probable that it would have ruled in his favor.

Clearly, petitioner cannot make these showings. There is absolutely nothing to indicate that an objection at the trial court level would have made any difference in the sentence imposed. The trial judge was clearly aware of the prior opinion of the court of appeals and the fact that the issue of correcting the sentence on the Maransky home invasion counts had been raised and left open, and, armed with that knowledge, proceeded to change the original sentence on those counts. An objection from trial counsel would not likely have altered the course of the resentencing proceedings in any way. As to the appeal, the court of appeals considered the issue of the legality of the new sentence despite trial counsel's failure to object, so petitioner was not prejudiced by that failure with respect to his appeal. Further, the court of appeals concluded that any such objection would have lacked merit, so even had it enforced a waiver on appeal, there is no reasonable likelihood that it would have decided the merits of the issue in petitioner's favor but for some

procedural default.

This discussion shows that there was no error committed by the state court of appeals in its disposition of petitioner's ineffective assistance of counsel claim. Of course, this Court does not review a state court decision simply for error; under the provisions of 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court has explained, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be "objectively unreasonable." *Id.* at 409. This distinction creates "a substantially higher threshold" for obtaining relief than *de novo* review. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Here, because the state court's application of the test for ineffective assistance of counsel contained in *Strickland v. Washington* was clearly correct, there is no argument to

13

be made that it was somehow unreasonable.  That being so, petitioner's first ground for relief is without merit.

## IV.  RECOMMENDED DISPOSITION

For all the foregoing reasons, the Court concludes that petitioner has not advanced any basis for concluding that the sentence he received from the Franklin County Court of Common Pleas was imposed in violation of any provision of the United States Constitution.  Consequently, it is  **RECOMMENDED** that the petition for a writ of habeas corpus be denied.

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge